Volk v. State, 184 Wis. 286.

Volk, Plaintiff in error, vs. The State, Defendant in error.

*May 10—June 3, 1924.*

*Arson: Circumstantial evidence: Sufficiency: Verdict resting on conjecture.*

1. Evidence that a fire in a store occurred at 2 o'clock in the morning, that there was overinsurance on the stock of goods, that an hour or two before the fire a light was seen in the store and two men of medium build were seen to come out, and that defendant is of medium build, is *held* insufficient to sustain a conviction of arson. p. 288.

2. In a prosecution for arson where the only fact established by the proof beyond a reasonable doubt was that of overinsurance, a conviction cannot be sustained, since motive alone will not sustain a conviction; and a verdict of guilty of crime cannot rest on a guess, however good. p. 288.

Error to review a judgment of the circuit court for Waupaca county: Byron B. Park, Circuit Judge. *Reversed.*

The plaintiff in error, hereinafter called the defendant, was convicted of arson. He had been conducting a small clothing store at Fremont with the aid of one Gould. The fire occurred at 2 o'clock in the morning of November 14, 1918. There was a sharp dispute as to the value of the stock of goods in the store at the time of the fire, and for the purposes of the decision of the case it will be assumed that there was overinsurance. There was also a conflict in the evidence as to whether or not the defendant had not sold his stock of goods to Gould November 4, 1918. The evidence against the defendant was wholly circumstantial and he claims it was insufficient to sustain a conviction. The substance of the evidence will be stated in the opinion.

For the plaintiff in error there was a brief signed by *W. B. Rubin* of Milwaukee, of counsel, and oral argument by *Mr. Rubin.*

For the defendant in error there was a brief signed by *John W. Reynolds* of Green Bay, special prosecutor and

Volk v. State, 184 Wis. 286.

assistant attorney general, and oral argument by *Mr. Rey-nolds* and *Mr. J. E. Messerschmidt*, assistant attorney general.

VINJE, C. J.  The State relies upon the proof of four things showing guilt: (1) the time the fire occurred. This was at 2 o'clock in the morning, the time an incendiary would be most likely to choose.  (2) The incendiary character of the fire.  (3) There was a motive for the act; and (4) guilt shown by the fact that sometime between 11 and 1 o'clock at night there was a light seen in the store, and two men of medium build were seen to come out, lock the store, and go away.  *Volk* and Gould were of medium build. Also proof that defendant had offered money to a witness if he would testify that defendant had bought no goods from him.  There was also testimony that defendant said to this witness that if his wife knew that he and Gould had anything to do with the fire she would have nothing to do with them.  At the time of the fire defendant lived at Oshkosh and Gould at Fremont, but it is claimed defendant was at Fremont the evening of the fire, though he was not identified by any one as being there.  Such is the substance of the evidence tending to show guilt.  When examined it will be found that only one fact can be said to be established by proof beyond a reasonable doubt, and that is over-insurance; but motive alone will not sustain a conviction for arson.  The time of the fire was no doubt a favorable one for incendiaries, but they have no fixed time for their operations, nor is there a closed season for non-incendiary fires at that time of night.  On the 14th of November there was no doubt a fire of some kind furnishing heat to the store building which was in use.

Neither is there any certainty that the fire was incendiary. The evidence is that the store, when first seen to be afire, was full of smoke, and later the windows burst open and flames were seen to spring up.  Just such a thing might

happen to fire due to any cause which is confined within a room till the heat and pressure burst the windows, when inrushing air would cause it to flame up.

Even if it is admitted that the defendant and Gould left the store between 11 and 1 o'clock that would not spell arson beyond a reasonable doubt. Business men leave their stores or offices at various hours without committing arson though the building burns later on in the night. All the circumstances taken together, as they must be, raise only a strong suspicion that the defendant is guilty. No fact or set of facts are shown that point beyond a reasonable doubt to the guilt of the defendant. Every fact proven by the State may be true and yet it does not logically follow that he set or aided in setting the fire, if one was set. We all feel that in this case the verdict rests upon a guess and it may be a good guess, but the law, especially in criminal cases, requires more. The quantum of proof necessary to sustain a conviction by this court was so elaborately and carefully discussed in the cases of *Gerke v. State,* 151 Wis. 495, 139 N. W. 404, and *Bruno v. State,* 171 Wis. 490, 177 N. W. 610, that no restatement will here be made. Under the rule there established we hold there was a failure of proof in this case to show the defendant guilty beyond a reasonable doubt.

*By the Court.*—Judgment reversed, and cause remanded for a new trial. The warden of the state prison at Waupun will deliver the defendant to the sheriff of Waupaca county, who will hold him in his custody till discharged by due process of law.